UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re                          )
                               )
GAYLORD PHILIP LANDAHL,        )     Case No. 8:05-bk-17064-KRM
                               )     Chapter 13
        Debtor.                )
_____)

MEMORANDUM OPINION DENYING
DEBTOR'S MOTION FOR SUMMARY JUDGMENT

Is new Bankruptcy Code Section 522(p), which would
limit the homestead exemption to $125,000 if the debtor has
not owned the residence for 1,215 days before filing,
inapplicable in opt-out states like Florida?  This issue has
already been decided by several courts, one of which held that
the Section 522(p) cap does not apply in an opt-out state.[1]
For the reasons set forth below, the Court concludes that the
$125,000 cap is applicable to claims of exemption under
Florida law.  The Chapter 7 trustee's objection to the
debtor's claim of exemptions will be sustained to that extent.

_____

[1]  *In re McNabb*, 326 B.R. 785 (Bankr. D. Ariz. 2005).  The
cases holding to the contrary are:  *In re Kane*, 336 B.R. 477 (Bankr. D.
Nev. 2006); *In re Virissimo*, 332 B.R. 201 (D. Nev. 2005); *In re Wayrynen*,
332 B.R. 479 (Bankr. S.D. Fla. 2005); and *In re Kaplan*, 331 B.R. 483
(Bankr. S.D. Fla. 2005).  *See also In re Blair*, 334 B.R. 374 (Bankr. N.D.
Tex. 2005).  See note 3 *infra*.

BACKGROUND

The debtor filed for relief under Chapter 7 on August 26, 2005, seeking to discharge about $166,000 of unsecured debts held by three creditors. The Chapter 7 trustee objected to the debtor's claim of exemption in his homestead, in part because the debtor acquired his interest in the subject real property by inheritance less than 1,215 days before the petition was filed.[2]

Although the Chapter 7 trustee's administration has been superseded by the debtor's conversion of the case to Chapter 13, on January 23, 2006, she is a creditor (holding an administrative expense claim) in the Chapter 13 case. Thus, she continues to press her objection, because it is relevant to the "best interests" test for confirmation of a Chapter 13 plan as well as to her administration of the estate if the case is ever re-converted. The trustee has reserved the right to contest other factual issues, including whether the debtor actually resides in the property.

There are a number of legal and factual issues in dispute. The debtor now alleges that the equity in the

---

[2] In his schedules, the debtor stated the value of the house to be $300,000, subject to a $112,000 first mortgage. The apparent equity per schedules is about $188,000.

property is less than $125,000.  He also argues, on the basis

of *In re McNabb,* 326 B.R. 785 (Bankr. D. Ariz. 2005), that

Section 522(p) does not apply in Florida, a state in which

debtors may not "elect" between state and federal exemptions.[3]

## DISCUSSION

The  Bankruptcy  Abuse  Prevention  and  Consumer

Protection Act of 2005 ("BAPCPA") added a new subparagraph (p)

to Section 522 of the Bankruptcy Code to limit a debtor's

homestead exemption to $125,000, if the debtor has not owned

the homestead, or a predecessor homestead, in the same state

for at least 1,215 days before the petition date.

Section 522(p) provides:

> Except as provided in paragraph (2) of
> this  subsection  and  sections  544  and
> 548, *as  a  result  of  electing  under
> subsection  (b)(3)(A)  to  exempt  property
> under  State  or  local  law,* a  debtor  may
> not  exempt  any  amount  of  interest  that
> was  acquired  by  the  debtor  during  the
> 1215-day  period  preceding  the  date  of
> the  filing  of  the  petition  that  exceeds
> in the aggregate $125,000 in value in –
>
> (A)  real  or  person  property  that
> the debtor or a dependent of the debtor
> uses as a residence;

---

[3]    As originally enacted in 1978, the Bankruptcy Code offers
debtors a choice between exempting certain property as provided in Section
522(d) (the "Federal Exemptions") or under applicable state law.  *See* 11
U.S.C. § 522(b)(1).  Florida is one of many states that subsequently
adopted legislation denying its residents the opportunity to use the
Federal Exemptions.  The states that have done this are commonly referred
to as "opt-out" states.

* * * *

    (D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

(emphasis added).

In *McNabb*, Judge Haines held that because Arizona is an "opt-out" state in which its residents cannot *elect* between the Federal Exemptions and state law exemptions, the $125,000 cap of Section 522(p) is inoperative. In a well-crafted opinion that points out a number of the drafting problems inherent to BAPCPA, Judge Haines begins with the premise that the language of the statute is clear -- the imposition of the $125,000 cap arises as the "result of electing" and in opt-out states there is no election. Thus, there is no cap.

But, *McNabb* has not been followed by the other bankruptcy courts that have decided the identical issue. In *In re Kaplan*, 331 B.R. 483 (Bankr. S.D. Fla. 2005), Chief Judge Mark found the language of Section 522(p) to be ambiguous because it was susceptible to several plausible interpretations. *Id.* at 486-87. He then turned to the relevant portions of the legislative history which discuss Congress' purpose in adding Section 522(p) to the Bankruptcy Code -- to close the so-called "mansion loophole." Although

4

there is little in the way of explanation of the textual changes made by BAPCPA, there is no indication in the legislative reports that Section 522(p) would not apply in opt-out states. *Id.* at 488.

Other courts have reached essentially the same result. In *In re Kane*, 336 B.R. 477, 489 (Bankr. D. Nev. 2006), Judge Markell concluded that the insertion of the "result of electing" phrase was a "scrivener's error." He cites the legislative history to conclude that the statute should be read to give effect to what Congress intended -- closing the "mansion loophole" in all states.

> [T]here is not one shred of evidence in the extensive legislative history going back to 1997 that the mansion loophole was in any way connected to a debtor's choice of exemptions. Further, it is obvious that Congress intended to close the mansion loophole in opt-in states as well as opt-out states.

*Id.* at 488.

In *In re Virissimo*, 332 B.R. 201 (Bankr. D.Nev. 2005), Judge Riegle found it plausible to read the "result of electing" phrase as meaning the debtor's choice in claiming any exemptions under state law. *Id.* at 205. Thus, the $125,000 cap applies. *See In re Wayrynen*, 332 B.R. 479 (Bankr. S.D. Fla. 2005) (holding that even though Section

522(p) applies in Florida, the "safe harbor" of Section 522(p)(2)(B) protects that debtor's equity in residence).

This Court finds compelling, and hereby follows, the reasoning of *Kaplan, Virissimo* and *Kane*. There is no need to repeat the analysis and supporting authorities set forth in those cases. The Court adds the following observations, however, to further explain this decision and provide guidance to debtors and attorneys who practice in this Court.

First, it would be irresponsible for this Court to rule that an amendment added to existing law after considerable debate is inoperative in circumstances that are not clearly spelled out either in the statute itself or in its legislative history. The "result of electing" phrase is not, on its face, a limitation at all; one has to rely on inferences to link it with the "election" between the two exemption schemes established in Section 522(b)(1).

The choice granted to a debtor between taking the Federal Exemptions (by utilizing subsection (b)(2)) and taking the state law exemptions (by utilizing subsection (b)(3)) is granted by Section 522(b)(1), which includes the words "elect," "elected," and "election" to refer to that very choice. The new Section 522(p) uses the word "electing," but does not connect that term to the choice of exemption schemes

in Section 522(b)(1).   Instead, it speaks of "electing under subsection (b)(3)(A)."   That is, Section 522(p) links "electing" only to the state law exemption scheme, not to the choice *between* the Federal Exemptions and state law exemptions.

Thus, it is entirely plausible to read "electing" in the new Section 522(p) as meaning simply the debtor's act of claiming (i.e., choosing to take) exemptions of property described under Section 522(b)(3)(A) (i.e., under state or local law) in any given case.   *See In re Virissimo*, 332 B.R. at 205; *In re Kaplan*, 331 B.R. at 487.   Such a reading is consistent with the other provisions of Section 522 and would give effect to the legislative history.

## CONCLUSION

The "result of electing" phrase does not, by its terms, compel the conclusion that Section 522(p) is inoperative in Florida and other opt-out states.   That phrase can be read in harmony with applying the $125,000 in all states.   Even if there is an ambiguity, the conclusion from the legislative history is inescapable -- there is no expressed intent to make the $125,000 cap operative in some states, but not others.

7

The debtor's motion for summary judgment (Document No. 27) is denied; the trustee's objection to the debtor's claim of exemption is sustained, in part. A pre-trial conference will be set by separate order to set a schedule to determine the remaining issues.

DONE and ORDERED in Tampa, Florida, this __2nd__ day of March, 2006.

K. RODNEY MAY
United States Bankruptcy Judge

Copies Furnished To:

Gaylord Philip Landahl, Debtor, 910 South Sterling Avenue, Tampa, Florida  33629

Sheila D. Norman, Esquire, Attorney for Debtor, 1905 W. Kennedy Boulevard, Tampa, Florida  33606-1530

Lauren Greene, Trustee, 13611 Park Boulevard, Suite G, Seminole, Florida  33776

David Hicks, Esquire, Attorney for Trustee, 103 South Boulevard, Post Office Box 707, Tampa, Florida  33601

Dennis J. LeVine, Esquire, Attorney for Trustee, 103 South Boulevard, Post Office Box 707, Tampa, Florida  33601

R. Marshall Rainey, Esquire, Attorney for Donald Ebbert, Post Office Box 380, Tampa, Florida  33601

Terry E. Smith, Trustee, Post Office Box 6099, Sun City
Center, Florida  33571

United States Trustee, Timberlake Annex, Suite 1200, 501 E.
Polk Street, Tampa, Florida  33602